## NATIONAL SHEET–METAL ROOFING CO. v. SMEETON.

(Circuit Court of Appeals, Seventh Circuit. February 11, 1893.)

No. 41.

PATENTS FOR INVENTIONS—NOVELTY—METAL ROOFING PLATES.

The second claim of letters patent No. 256,083, issued April 4, 1882, to John Walter, for "a sheet-metal roofing plate having one of its lateral edges formed with two parallel corrugations to form a gutter, and the other lateral edge formed with a broad corrugation, adapted to make a seam with corrugations and the cap for the gutter of a corresponding plate," is void for want of novelty, since gutters in rigid roofing plates were previously known. 47 Fed. Rep. 307, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

In Equity. Suit by the National Sheet-Metal Roofing Company against Henry Smeeton to restrain the alleged infringement of a patent. The bill was dismissed at the hearing. Complainant appeals. Affirmed.

Hill & Dixon, for appellant.
Banning, Banning & Payson, for appellee.

Before GRESHAM and WOODS, Circuit Judges, and BUNN, District Judge.

PER CURIAM. The decree appealed from is affirmed upon the grounds stated in the opinion of the court below, reported in 47 Fed. Rep. 307.

———————

## LEIB v. ELECTRIC MERCHANDISE CO. et al.[1]

(Circuit Court of Appeals, Seventh Circuit. February 11, 1893.)

No. 56.

PATENTS FOR INVENTIONS—NOVELTY—ELECTRIC RAIL—CONNECTOR.

Letters patent No. 434,087, issued August 12, 1890, to Charles Leib, for an electric rail connector consisting of a short metallic wire with each end passing through a bolt or rivet, which is firmly inserted into a hole drilled into the rail, are void for want of novelty over the Gassett & Fisher patent of May, 1880, in which the connecting wire is coiled round the heads of the rivets, instead of passing through them, as well as the Westinghouse patent of July 31, 1883, and the Winter patent of April 14, 1885, in which the ends of the wires are directly inserted in holes in the rails. 48 Fed. Rep. 722, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Suit by Charles Leib against the Electric Merchandise Company and others for alleged infringement of a patent. The bill was dismissed at the hearing. Complainant appeals. Affirmed.

Banning, Banning & Payson, for appellant.
F. W. Parker, for appellees.

[1]Reported by Louis Boisot, Jr., Esq., of the Chicago bar.

Before GRESHAM and WOODS, Circuit Judges, and BUNN, District Judge.

PER CURIAM. The decree appealed from is affirmed upon the grounds stated in the opinion of the court below, reported in 48 Fed. Rep. 722.

---

SERATED FUEL CO. v. WOODBURY GLASS CO. SAME v. COX & SONS CO. et al. SAME v. COHANSEY GLASS MANUF'G CO.

(Circuit Court, D. New Jersey. January 31, 1893.)

1. PATENTS FOR INVENTIONS—COMBINATION—ANTICIPATION.

Letters patent No. 397,336, issued February 5, 1889, to James H. Bullard, for an apparatus for burning hydrocarbon fuels, in which the oil-supply pipe and the air-supply pipe are capable of independent regulation so as to vary the character of the flame to meet the requirements of different kinds of work, were not anticipated by letters patent No. 365,789, granted to the same inventor, July 5, 1887, in which the oil and air supply were not capable of independent regulation; nor was there anything in the prior state of the art, including the earlier Bullard patent, to invalidate this combination, though all the particular elements entering into it were old.

2. SAME.

The fact that the apparatus covered by the 1889 patent permits of the supply of oil and air to a great number of furnaces from one fuel tank, and a single air compressor governed by one regulator, is not to be left out of view in considering the validity of the patent because this feature is not referred to in the specifications, and may not originally have been perceived by the inventor. Roberts v. Ryer, 91 U. S. 157, followed.

In Equity. These were three suits brought by the Aerated Fuel Company against the Woodbury Glass Company, the Cox & Sons Company and others, and the Cohansey Glass Manufacturing Company, respectively, for infringement of a patent. Decrees in each case for complainant.

Briesen & Knauth, for complainant.
Francis T. Chambers, for defendants.

ACHESON, Circuit Judge. Each of these three suits is upon letters patent No. 397,336, to James H. Bullard, dated February 5, 1889. The patented invention, the specification represents, relates to an "apparatus for securing the burning of hydrocarbon fuels and the regulating thereof." The apparatus illustrated and described comprises a burner, which, as shown, is arranged within a glass furnace, two distinct pipes running to and connected with the burner,— one an oil-supply pipe leading from a liquid-fuel receptacle; the other an air-supply pipe leading from an air-compressing machine,— and a regulator for automatically controlling the compressor, and maintaining the compressed air as fed to the burner at a uniform pressure. The specification states:

"A cock is provided both in the air and oil supply pipes, as seen at h and j, respectively, whereby a normal or desirable proportional issue of air and oil to the burner is secured under their proper operations."